UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-62577-BLOOM/Valle

ALEXANDER JOHNSON,

    Plaintiff,

v.

GRIFFIN PROPERTY
INVESTMENT, LLC,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Griffin Property Investment, LLC's ("Defendant" or "Griffin") Motion to Dismiss, ECF No. [8] (the "Motion"). Plaintiff Alexander Johnson ("Plaintiff" or "Johnson") filed a response, ECF No. [22] ("Response"), to which Defendant did reply. The Court has considered the Motion and the Response, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is denied.

### I.    BACKGROUND

This case arises as a result of alleged violations by Griffin of the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq*., for failure to provide closed-captioning in television media features on gas pumps at Defendant's Mobil gas station located at 2109 Griffin Road in Dania, Florida. *See generally* ECF No. [1] ("Complaint"). In the Complaint, Plaintiff alleges that he is an individual suffering from a qualified disability under the ADA, in that he is hearing impaired and suffers from severe bilateral sensorineural hearing loss. *Id*. ¶ 9. Defendant is the operator of a Mobil gasoline station, which is open to the public and is a place of public

accommodation under the ADA. *Id*. ¶¶ 10-12. Defendant's gas pumps contain a television feature within each pump which provides entertainment and news, but the televisions do not contain closed-captioning, such that Plaintiff cannot comprehend the information displayed. *Id*. ¶¶ 14-17. Plaintiff visited Defendant's Mobil gas station on June 10, 2018 to purchase gasoline, and intends to return in the future, as the gas station is close to Plaintiff's regular travel destinations. *Id*. ¶¶ 23-24. As a result, Plaintiff requests injunctive relief. Defendant seeks dismissal of the Complaint on the basis that Plaintiff lacks standing pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

One element of the case-or-controversy requirement under Article III of the United States Constitution is that plaintiffs "must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). "The law of Article III standing serves to prevent the judicial process from being used to usurp the powers of the political branches, and confines the federal courts to a properly judicial role." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013)) (alteration adopted; citations omitted). "Standing for Article III purposes requires a plaintiff to provide evidence of an injury in fact, causation and redress[a]bility." *Dermer v. Miami-Dade Cty.*, 599 F.3d 1217, 1220 (11th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Specifically, "[t]o have standing, a plaintiff must show (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003); *see Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 980 (11th Cir. 2005) (same).

"The party invoking federal jurisdiction bears the burden of proving standing.'" *Fla. Pub. Interest Research Grp. Citizen Lobby, Inc. v. E.P.A.*, 386 F.3d 1070, 1083 (11th Cir. 2004) (quoting *Bischoff v. Osceola Cty.*, 222 F.3d 874, 878 (11th Cir. 2000)). A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

"In assessing the propriety of a motion for dismissal under Fed. R. Civ. P. 12(b)(1), a district court is not limited to an inquiry into undisputed facts; it may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). As such, "[w]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56.'" *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 880 (11th Cir. 2008)

(quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)). Through this lens, the Court considers the instant Motion.

### III. ANALYSIS

Defendant mounts a facial attack and makes three arguments in support of its contention that this case should be dismissed: (1) Plaintiff has failed to allege that Defendant had control over the video feed or control of the streaming video content; (2) Plaintiff lacks standing because he has not alleged facts giving rise to an inference that he will suffer future harm as a result of Defendant's alleged violations because he has not alleged specific plans to return to the subject gasoline station; and (3) Plaintiff is a serial litigant. Upon review, Defendant's arguments lack merit.

First, whether or not Defendant has control over the screen's video content on the gas pumps is an issue of fact, which is not suitable for disposition upon a motion to dismiss. Moreover, the issue of Defendant's control is not relevant to whether the Plaintiff has standing to assert the instant claim. Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, *services*, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a) (emphasis added). "Title III is meant to prevent owners of public places of accommodation from creating barriers that would restrict a disabled person's ability to enjoy the defendant entity's goods, *services*, and privileges." *Rendon v. Valleycrest Prods.*, 294 F.3d 1279, 1283 (11th Cir. 2002) (emphasis added). In the Complaint, Plaintiff has adequately alleged that as a feature of the gas pumps at Defendant's gas stations, Defendant's gas pumps

provide video content, which is not accessible to an individual like Plaintiff who has a qualified auditory disability under the ADA. At the pleading stage, nothing more is required.

Second, contrary to Defendant's argument, ADA claims are not subject to a heightened pleading standard. Defendant contends that Plaintiff has not alleged any specific plans to return to Defendant's gas station in the future. However, a plaintiff's allegation that he or she intends to visit the subject premises in the near future is sufficient to establish standing to seek injunctive relief under the ADA. *See Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000) (holding that plaintiff's allegation that he would take another cruise aboard the defendant's ship in the near future was sufficient to properly plead standing to seek injunctive relief under the ADA) (citing to *Gil v. Winn-Dixie Stores, Inc.*, 257 F. Supp. 3d 1340, 1347-48 (S.D. Fla. June 12, 2017). In the Complaint, Plaintiff asserts that he continues to desire to return to purchase gasoline at Defendant's Mobil gas station because it is within proximity to his regular travel destinations. Taken as true, this allegation is sufficient to establish a likelihood of future injury as a result of Defendant's alleged violations.

Finally, Defendant's contention that Plaintiff is a serial or vexatious litigant does not support dismissal under Rule 12(b)(1). The number of ADA lawsuits filed by Plaintiff is not itself indicative of an improper motive. Indeed, the "legal right created by § 12182(a) [of the ADA] . . . *does not* depend on the motive behind Plaintiff['s] attempt to enjoy the facilities . . . ." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1332 (11th Cir. 2013). "The substantive right conferred by the statute is to be free from disability discrimination in the enjoyment of the facility, regardless of [Plaintiff's] motive for visiting the facility." *Id*. Therefore, regardless of Plaintiff's true motive for visiting Defendant's gas station, he is nevertheless protected by the ADA from alleged discrimination on the basis of his disability.

## IV. CONCLUSION

Accordingly, Defendant's Motion, **ECF No. [8]**, is **DENIED**. Defendant shall file its answer to the Complaint, **on or before February 15, 2019**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of February, 2019.

                                                      **BETH BLOOM**
                                                      **UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record